Tony MENSES, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. CV–S–94–640–DWH–(RJJ).

United States District Court, D. Nevada.

Sept. 3, 1996.

A. Wayne Carter, Las Vegas, NV, for plaintiff.

Greg Addington, Asst. U.S. Atty., U.S. Attorneys Office Las Vegas, Las Vegas, NV, for defendant.

## ORDER

JOHNSTON, United States Magistrate Judge.

This case comes before the court on United States Postal Service's Motion for Production of State of Nevada Employment Security Division Records (# 16). The Court has considered the motion and the Nevada Employment Security Division's Response (# 20). The Plaintiff has no objection to disclosure of all records held by the division which are germane to his claim. Plaintiff's Response (# 25).

## BACKGROUND

On November 13, 1991, Plaintiff Tony Menses sustained injuries when a United States Postal Service Jeep collided with his vehicle. Two years later, Menses presented his claim in writing to the United States Post Office Department for damages arising from the collision. That claim was denied on January 19, 1994. On July 18, 1994, Menses brought the present action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, against the United States seeking over $1.5 million in damages.

During the course of discovery, the Defendant requested Nevada unemployment records regarding any claims filed by or on behalf of Menses after the accident. Specifically, the government issued a subpoena duces tecum requesting the State of Nevada Employment Security Division (ESD) to produce Plaintiff's entire administrative personnel file and "all applications submitted for compensation in any form, [including] unemployment compensation." Notwithstanding that both Menses and the Defendant agree to the relevance and disclosure of these docu-

ments, ESD has refused to divulge any information.

ESD asserts that NRS 612.265[1] creates a privilege which precludes disclosure of all documents in its files. According to ESD's interpretation of the Nevada nondisclosure statute, the agency is legally prohibited from releasing documents to anyone other than a specified governmental agency or unless the documents are to be used in an appeal under NRS Chapter 612. The United States filed the instant motion opposing ESD's position.

## DISCUSSION

A. THE LAW WHICH SUPPLIES THE RULE OF DECISION

■ Rule 501 of the Federal Rules of Evidence provides:

[T]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, *with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.*

(Emphasis added). The Federal Torts Claims Act requires federal courts to look to the law of the state where the act or omission occurred in order to determine government liability. 28 U.S.C. § 1346(b); *Will v. U.S.*, 60 F.3d 656, 659 (9th Cir.1995). This does not mean, however, that for purposes of Rule 501 "state law supplies the rule of decision" in federal tort claims. Where the interests of the United States are directly affected and the issue or right being adjudicated derives from a federal source, federal courts have long recognized that federal laws rather than state laws govern unless Congress otherwise provides. See, 19 Charles Alan Wright, Ar-

1. NRS 612.265(12) provides:
   All letters, reports or communications ... from the employer or employee to each other or to the division or any of its agents, representatives or employees are privileged and must not

be the subject matter or basis for any lawsuit if the letter, report or communication is written, sent, delivered or prepared pursuant to the requirements of this chapter.

thur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction §§ 4514 and 4515. This doctrine grew from the principles set forth in *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943), wherein the Supreme Court held that the rights and duties of the United States on obligations which have their source in the Constitution and the statutes of the United States must be fashioned by the federal courts in the absence of an applicable Act of Congress.[2] *Id.* at 366, 63 S.Ct. at 575. The Court noted, "[t]he application of state law . . . would subject the rights and duties of the United States to exceptional uncertainty. It would lead to great diversity in results by making identical transactions subject to the vagaries of the laws of the several states." *Id.*

■■■ The *Clearfield* doctrine and its progeny provide that (1) if the rights and duties of the parties derive sufficiently from a federal source, federal law may govern aspects of the case on which no specific constitutional or federal statutory provision provides the rule of decision; and (2) upon concluding that federal law is to govern, the court must then determine whether that law is to be a uniform federal law or whether the federal court will merely adopt and incorporate state law as federal law. An understanding of *Clearfield* in the present case is useful for two reasons. First, it reaffirms a fundamental federal principle that, without clear Congressional intent to the contrary, federal courts should look to the source of the right sued on or the nature of the issue involved to determine whether state or federal law governs a particular case. Second, it demonstrates that where rights sued upon derive from a federal source, district courts often adopt state law as the federal rule of decision, resulting in the incorporation of state law as federal law rather than the state law being operative of its own force.[3]

Rule 501 of the Federal Rules of Evidence sets forth a general rule that evidentiary privileges shall be governed by principles of the common law as interpreted by the federal courts. Whether state privilege law applies to a federal case depends on the manner in which state law is used in the federal suit, for only if state law "supplies the rule of decision" does the state's privilege law apply. Congress recognized that when federal courts merely adopt state law as federal law, there is no need to apply state law in matters such as the admissibility of evidence and claims of privilege, and that federal privilege law controls. It is only where state law is operative of its own force that state law supplies the rule of decision, and, under Rule 501, state privilege law governs.

State law is self-operative under those circumstances which gave rise to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In these cases, which include most diversity actions, no federal interest justifies overriding a state substantive law such as evidentiary privileges, and to do so would promote forum shopping and lead to an inequitable administration of the laws between state and federal courts. Under Rule 501, Congress intended for state privilege law to apply in these situations since the source of the right sued upon was state law and federal interests were rarely directly at stake.

■■■ On the other hand, state law may be incorporated or adopted by the federal court as federal law where the right sued upon has

---

**2.** *Clearfield Trust Co. v. United States,* determined whether federal or state law governed recovery on a guarantee of prior endorsements on a check drawn on the United States Treasury. Clearfield Trust had made guarantees of prior endorsements when it received funds from the United States, and the district court had held that, under Pennsylvania law, the United States had unreasonably delayed in giving notice of the forgery. The Supreme Court rejected state law as providing the rule of decision.

**3.** State law is generally operative of its own force in federal diversity cases wherein the source of a right sued upon is state substantive law such as tort or contract. This concept has been codified by Congress under the Rules of Decision Act, 28 U.S.C. § 1652, which makes state law self-operative in federal courts when no federal law provides to the contrary. The Act provides that

[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

a federal source and the rights, duties, or interests of the United States may be affected. In these cases, a claim arises *only* because the federal government previously has either created a legally defendable federal right, as in federal question cases, or because it has intentionally relinquished its sovereign immunity and placed United States interests directly at stake. Unlike where state law supplies the rule of decision, in these cases the government has a need for procedural uniformity among the states and there is no danger of forum shopping since the action can be maintained only through federal channels.

## B. Legislative History of Rule 501 and the Incorporation of State Law

The legislative history of Federal Rule 501 indicates that Congress recognized the problem created by the provision's express language and the importance of still applying federal privilege law where a federal court merely incorporates state substantive law. Specifically, it noted that Rule 501 could result in the erroneous application of state privilege law, beyond mere diversity actions involving substantive state claims, and, instead, to nondiversity and federal question civil cases where interests of the United States were at stake. *See,* S.Rep No. 1277, 93d Cong.2d Sess. (1974), *reprinted in,* 1974 U.S.C.C.A.N. 7051, 7058–59. In an effort to resolve this concern, the Senate–House Conference explained:

> In nondiversity jurisdiction civil cases, federal privilege law will generally apply. *In those situations where a federal court adopts or incorporates state law to fill interstices or gaps in federal statutory phrases, the court generally will apply federal privilege law.... When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision* (even though the federal court may apply a rule derived from state decisions), *and state privilege law would not apply.*

Conf.Rep. No. 1597, 93d Cong., 2d Sess. (1974) (emphasis added), *reprinted in* 1974 U.S.C.C.A.N. 7098, 7101. Faced with the same underlying dilemma as in *Clearfield,* where state laws might improvidently control the adjudication of rights derived from a federal source, Congress acknowledged that federal law is the "rule of decision" when state law is absorbed to create federal law. Consequently, Congress clearly expressed its intent that federal privilege law apply to those cases in which federal courts adopt or incorporate state law.

█ The only remaining issue in the instant motion, then, is whether state law is self-operative or incorporated by the federal courts under the Federal Tort Claims Act. The Act provides:

> [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). Under this Act, Congress establishes a forum in which liability claims against the government may be pursued. The statute, in effect, creates a federal right that the United States deal with citizens in accord with the same local laws that govern citizens. Congress does so not by fashioning its own federal tort and contract rules, but rather by adopting local laws of the various states. Accordingly, the Supreme Court has found that the language of this provision "assimilates into federal law the rules of substantive law of the several states." *See, e.g., Feres v. United States,* 340 U.S. 135, 142, 71 S.Ct. 153, 157, 95 L.Ed. 152 (1950); *Moor v. County of Alameda,* 411 U.S. 693, 701 n. 11, 93 S.Ct. 1785, 1791 n. 11, 36 L.Ed.2d 596 (1973). The Ninth Circuit has held similarly. See *Tahoe Regional Planning Agency v. McKay,* 769 F.2d 534, 537 (9th Cir.1985) (citing Moor v. County of Alameda); *General Amer. Life Ins. Co. v. Castonguay,* 984 F.2d 1518, 1522 (9th Cir. 1993) (holding that the Federal Tort Claims Act is an example of a statute incorporating state law rather than the creation of a federal law of torts). Because federal courts only adopt state law under the Federal Tort Claims Act, federal law still supplies the rule of decision under Rule 501 and state privi-

lege law does not apply to Federal Tort Claims Act cases.

 Further, by enacting the Federal Tort Claims Act, the government waived sovereign immunity under the express condition that federal courts retain exclusive jurisdiction to hear cases arising under the Act. See 28 U.S.C. § 1346(b). Congress, therefore, intentionally ensured that claims against the United States would be decided only according to federal procedural law. Any argument for applying state privilege law is eliminated.

The deliberate limitation placed on Federal Tort Claims Act cases by Congress is due to the federal government's substantial interest in the application of uniform laws in light of its subjection to widespread litigation. To permit the imposition of divers state privilege laws to Federal Tort Claims Act cases would allow the uneven administration of the law that the Supreme Court identified in *Clearfield* and that Rule 501 attempts to avoid.

### C. CONCLUSION

 ESD's assertion that NRS 612.265 applies to Plaintiff's federal claim brought under the Federal Tort Claims Act is misplaced. The Nevada statute which makes all communication prepared under the state's unemployment compensation chapter privileged does not regulate the discovery of evidence in a federal case where the claim is federal in nature, and, where state law does not supply the rule of decision but rather is incorporated "as a matter of federal common law." Therefore, federal privilege law applies to all Federal Tort Claims cases and there is no federal privilege which protects the records ESD refuses to disclose.

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Government's Motion for Production of State of Nevada Employment Security Division Records (# 16) is GRANTED.

IT IS FURTHER ORDERED that the State of Nevada Employment Security Divi-

sion records shall be produced on or before September 20, 1996.

DATED this 30th day of August, 1996.